Claudia Center, SB # 158255
ccenter@dredf.org
Sydney Pickern, SB # 303908
spickern@dredf.org
Malhar Shah, SB # 318588
mshah@dredf.org
Disability Rights Education and Defense Fund
3075 Adeline St. #210
Berkeley, CA 94703
Telephone: (510) 644-2555
Fax: (510) 841-8645

Jinny Kim, SB# 208953
jkim@legalaidatwork.org
Rachael Langston, SB# 257950
rlangston@legalaidatwork.org
Legal Aid at Work
180 Montgomery St., Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Fax: (415) 593-0096

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARA GORDON, *et al.*,<br><br>              Plaintiffs,<br><br>       vs.<br><br>STATE BAR OF CALIFORNIA and NATIONAL CONFERENCE OF BAR EXAMINERS,<br><br>              Defendants. | Case No.: :3:20-cv-06442<br><br><br>**MOTION FOR ADMINISTRATIVE LEAVE FOR PLAINTIFF JOHN DOE TO PROCEED PSEUDONYMOUSLY** |

Plaintiff hereby seeks the Court's permission to proceed anonymously in this litigation, using the fictitious name of JOHN DOE. This motion is made on the ground that the circumstances justify the use of a fictitious name to protect the real party's true identity because of the potential injury to his professional reputation and his personal privacy should his identity be publicly disclosed, and given the highly sensitive and personal nature of his psychiatric disabilities which are related to the facts of this

litigation. This motion is based upon all papers and pleadings filed in this matter and the Declaration of John Doe in Support of Administrative Motion ("Doe Decl.") and any other such evidence and arguments as may be presented.

## INTRODUCTION

The facts of this litigation involve the rights of several Plaintiffs who are test takers with disabilities. For the particular Plaintiff seeking to proceed anonymously, these facts include the details of several highly sensitive and personal psychiatric disabilities, including one which is stigmatized and characterized by a sense of personal shame. Doe Decl. ¶¶ 1-7. Plaintiff seeks the Court's permission to proceed using the fictitious name of JOHN DOE. He fears injury to his professional reputation, and loss of his personal privacy, should his identity be made public in connection with this litigation. Doe Decl. ¶¶ 5-6. He would be deterred from seeking to vindicate his civil rights, and would not want to continue in this litigation, if he is not permitted to proceed using a pseudonym. Doe Decl. ¶¶ 5, 7.

No prejudice to either Defendant will occur, because Plaintiff is willing to disclose his identity to the Defendants for purposes of this litigation. Doe Decl. ¶ 8. The use of a fictitious name would protect Plaintiff's privacy interest in his personal and intimate medical and psychiatric information, including the fact and details of his stigmatized condition(s), and would guard against harms to his reputation and employment opportunities. The motion should be granted.

## FACTS

This is a case challenging the Defendants' policies and practices regarding the remote administration of the bar exam during COVID-19. These policies and practices prevent certain disabled test takers, including three Plaintiffs, from testing remotely with all of their approved testing accommodations in place. The other two Plaintiffs are proceeding using their real names. Plaintiff DOE's disabilities include ADHD, generalized anxiety disorder, and trichotillomania. Doe Decl. ¶ 2. Aspects of Plaintiff's claims involve the details and manifestations of these disabilities. Doe Decl. ¶¶ 3-4.

Plaintiff DOE is a 2020 graduate of an ABA-accredited law school and is registered to sit for the October 2020 bar exam. He has been granted necessary testing accommodations for his disabilities including a paper iteration of the exam. Doe Decl. ¶ 3. But the Defendants have informed DOE that, that

{00605624.DOCX 2}
**ADMINISTRATIVE MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**
**Page** 1

in order to access his necessary accommodations, he will be required to take the bar exam in person, causing him intense fear and anxiety. Doe Decl. ¶ 3-4.

Plaintiff DOE lives with his wife, who is pregnant with twins and is diagnosed with severe asthma. Doe Decl. ¶ 4. These conditions place her at increased risk of developing serious complications should she contract the COVID-19 virus. Doe Decl. ¶ 4. Due to his anxiety disorder, and the realities of the coronavirus, Plaintiff DOE has fear of contagion. Doe Decl. ¶¶ 2, 4. He is terrified by the prospect of testing in person and putting both his and his wife's health at serious risk. Doe Decl. ¶ 4. He is also afraid that the stress he will experience of contracting COVID-19 if forced to take the bar exam in person will cause him to perform poorly. Unless the Court intervenes, Plaintiff DOE's current plan is to take the bar exam remotely without the accommodations he needs to fairly demonstrate his skills and abilities.

As stated in his declaration, Plaintiff DOE does not wish to reveal his true name in the public court file, but wishes to proceed anonymously because of the risk of potential professional prejudice that he might encounter were his psychiatric and attention disabilities made public. Doe Decl. ¶¶ 5-6. He has heard people in the legal professional talk negatively about ADHD and psychiatric conditions, and he does not yet have a legal job for after the bar exam. Doe Decl. ¶ 5. Plaintiff DOE is not public about his disabilities, and fears that the social stigma of revealing them publicly would cause him professional harms. Doe Decl. ¶ 5. He wishes to avoid publicity about his intimate medical and psychiatric conditions and those of my family members. Doe Decl. ¶ 5.

As well, trichotillomania is a disability associated with social stigma[1] and a severe degree of personal shame about having the condition. Doe Decl. ¶¶ 2, 6. As described in his declaration, Plaintiff DOE experiences this shame. Doe Decl. ¶ 6. Having this this information be public would only increase Plaintiff DOE's sense of shame and undermine his sense of well-being. Doe Decl. ¶ 6. Plaintiff DOE would like to retain his right to privacy about all of his disabilities, and including this condition in particular, because it is highly personal and sensitive. Doe Decl. ¶¶ 5-6. Plaintiff DOE is not

---

[1] *See* Aubree D. Pereyra and Abdolreza Saadabadi, Trichotillomania (last updated July 3, 2020) (noting that "[t]here is a significant stigma surrounding self-inflicted pathological hair loss"), https://www.ncbi.nlm.nih.gov/books/NBK493186/.

{00605624.DOCX 2}

**ADMINISTRATIVE MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**
**Page** 2

comfortable being "out" publicly about his struggle with this condition which is stigmatized. Doe Decl. ¶ 6. Nevertheless, Plaintiff DOE is willing to disclose his identity to Defendants for purposes of this litigation. Doe Decl. ¶ 8.

## ARGUMENT

Courts in the Ninth Circuit permit parties to proceed anonymously when nondisclosure of the person's identity is necessary to protect a person from "injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (Advanced Textile) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Permission is granted necessary "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature[.]'" *Id.* (quoting *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993)). While it is not enough to show general embarrassment, matters of a very personal nature that would expose a litigant to loss of social status or reputation are protected. *See Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981) (finding a plaintiff may proceed anonymously when there is a substantial privacy interest); *accord Roe v. City of Milwaukee*, 37 F.Supp. 2d 1127, 1129 (E.D. Wis. 1999) (allowing civil rights plaintiff to proceed anonymously to protect him from the "social stigma" of having his HIV positive status publicly revealed).

This Court has permitted several test takers with hidden disabilities to proceed anonymously, when other disabled test takers were willing to proceed using their own names and there was no prejudice to the defendant. *Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council*, Inc., No. C-12-1830 EMC, 2012 U.S. Dist. LEXIS 117363, at *16-17 (N.D. Cal. Aug. 20, 2012). Here, as in *DFEH v. LSAC*, other disabled test takers are proceedings using their real names, and Plaintiff DOE will reveal himself to and cooperate with Defendants. But the basis here for Plaintiff's motion is even stronger than in *DFEH v. LSAC*. Plaintiff's concern is not merely about the public disclosure of his ADHD, but also about the disclosure of additional psychiatric disabilities including trichotillomania, a particularly stigmatized condition. Doe Decl. ¶¶ 2, 5-6. As Plaintiff states in his declaration, he experiences great shame about this condition. Doe Decl. ¶ 6. The motion to proceed anonymously should be granted.

///

///

{00605624.DOCX 2}

**ADMINISTRATIVE MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**
**Page** 3

Dated:  September 14, 2020                              Respectfully submitted,

                                                    By:   _____/s/ Claudia Center_____
                                                            Claudia Center
                                                            Counsel for Plaintiffs