

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

james.chang@calbar.ca.gov
415-538-2381

September 24, 2020

**VIA ECF**

Hon. Magistrate Judge Laurel Beeler
United States District Court, N.D. Cal.
450 Golden Gate Avenue, Courtroom B
San Francisco CA 94102

RE:   *Gordon et al. v. State Bar of California  et al.*
      Case No. 3:20-cv-06442-LB

Dear Judge Beeler:

Defendants Donna Hershkowitz and the State Bar of California (collectively, "State Bar") respectfully oppose Plaintiffs' request to present 8 witnesses at the upcoming hearing on Plaintiffs' on Motion for Preliminary Injunction (Dkt. 6) on Tuesday, September 29, at 9:30 AM.[1]

There is no presumption of an entitlement to present live witness testimony at a hearing on a motion for preliminary injunction.[2]  A full evidentiary hearing with multiple witnesses is not warranted in this matter as the record already contains numerous sworn declarations from all parties sufficient to adequately inform the Court's consideration of the motion.[3]

---

[1] *See* email from Plaintiffs' counsel Claudia Center to the courtroom deputy of 8:53 am today.

[2] *See Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986) (rejecting Third Circuit's presumption of entitlement to evidentiary hearing on motion for preliminary injunction); *see also San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d 541, 546 & n. 6 (9th Cir.1969) (presentation of many affidavits and the oral argument constituted "sufficient opportunity to present [the] case [on party's position regarding preliminary injunction] without using oral testimony.").

[3] *See, e.g., Numbers Licensing, LLC v. bVisual USA, Inc.,* 643 F. Supp. 2d 1245, 1249 (E.D. Wash. 2009) (evidentiary hearing unnecessary when declarations provide sufficient basis for Court to make informed decision)*; Isomedia, Inc. v. Spectrum Direct, Inc.,* No. C08-1733JLR, 2009 WL 10676393, at *5 (W.D. Wash. July 1, 2009) ("A hearing in this matter was unnecessary because Isomedia's lack of a right to a preliminary injunction was evident in its own moving papers."); *Lee v. Benedict, 958 F.2d 377* (9th Cir. 1992) ("An evidentiary hearing was entirely unnecessary because the magistrate judge had sufficient facts before her to rule on the motion").

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

Hon. Judge L. Beeler
September 24, 2020
Page 2

The State Bar also expresses serious concerns regarding the fairness and timing of Plaintiffs' proposals, as the names of two of Plaintiffs' proposed witnesses (Plaintiffs' treating physicians) have not even been disclosed to Defendants or the Court, and those witnesses have not submitted declarations in the record to provide any basis for Defendants to understand the scope of their proposed testimony.  Plaintiffs should not be permitted to continue expanding the case beyond the scope of their moving papers, and certainly not at the last minute when the State Bar has already expended significant time and resources to address the legal and factual issues in the motion as they were framed in the moving papers.

If the Court nonetheless wishes to consider testimony at the upcoming hearing, the State Bar should be entitled to receive full disclosure of the names of Plaintiffs' witnesses and the substance of their proposed testimony forthwith, and an opportunity to designate its own witnesses upon review of that information.

Respectfully Submitted,

/s/

James J. Chang
Assistant General Counsel
*Counsel for Defendants Donna Hershkowitz and State Bar of California*