VANESSA L. HOLTON (111613)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
JAMES J. CHANG (287008)
Assistant General Counsel
CAROLINE W. HOLMES (299116)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2381
Fax: (415) 538-2321
Email:  james.chang@calbar.ca.gov

Attorneys for Defendants State Bar of California and
Donna Hershkowitz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARA GORDON, ISABEL CALLEJO-BRIGHTON and JOHN DOE,<br><br><br>              Plaintiffs,<br><br>v.<br><br>STATE BAR OF CALIFORNIA, DONNA HERSHKOWITZ, and NATIONAL CONFERENCE OF BAR EXAMINERS,<br><br><br>              Defendants. | Case No.   3:20-cv-06442-LB<br><br>**DEFENDANTS STATE BAR OF CALIFORNIA'S AND DONNA HERSHKOWITZ'S SURRESPONSE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (DKT. 44)** |

1    Defendants Donna Hershkowitz and the State Bar of California (collectively, "State Bar")

2    submit this surresponse to address matters raised in Plaintiffs' surreply (Dkt. 50-1), pursuant to

3    this Court's Order of September 28, 2020.

4    There is No Merit to Plaintiffs' Inaccurate Criticisms of Dr. Klausner's Expert Conclusions.

5    Plaintiffs attempt to criticize Dr. Klausner's expert conclusions on the incorrect basis that

6    two studies Dr. Klausner cited were allegedly not peer-reviewed.  But in fact, as Dr. Klausner

7    clarifies in his supplemental declaration (Dkt. 53) those two studies *have* been submitted for

8    peer-review and are in the process of publication in peer-reviewed medical journals.[1]  Dr.

9    Klausner's conclusions regarding the safety of the in-person October Bar Exam remain

10   accurate.[2]

11   The In-Person Format Best Guarantees Equal Access to the Bar Exam.

12   The parties have devoted intensive briefing to the question of feasibility of implementing

13   changes to the current plans for the October Bar Exam, both logistically and to ensure the

14   security required to protect the public in a licensing examination. *See generally, e.g.,* Dkts. 23,

15   47-2, 47-8, 48, and 50-1.   In its various declarations the State Bar has explained why Plaintiffs'

16   well-intentioned suggestions are infeasible and borne of lack of knowledge of the complexity of

17   administering a bar examination generally, especially during a pandemic.  Utilizing its expertise

18

19   [1] It appears that Plaintiffs reached this incorrect conclusion by reviewing the early manuscript

20   published online to which Dr. Klausner cited, which included disclaimers that the articles had
     not, at that time, been peer-reviewed.  Dr. Klausner clarifies that subsequent to the online posting

21   of those articles, both studies have been submitted for peer-review and are set to be published.
     Supp. Klausner Decl., ¶ 3, fn. 1.

22

23   [2] In fact, other high-stakes exams including the Medical College Admission Test (MCAT)
     continue to be administered safely in an in-person format.  *See* August 6, 2020 Letter from

24   Association of American Medical Colleges, available at https://aamc-
     orange.global.ssl.fastly.net/production/media/filer_public/71/1f/711fee49-fbd9-4253-9b51-

25   8e295ec5ec33/open_letter_to_mcat_examinees_0806.pdf (noting that, "As physicians, we also
     believe decisions should be driven by data. And the data demonstrate the [in-person] MCAT

26   exam is being conducted with minimal risk due to the safety protocols we've implemented.").
     And unlike the State Bar's planned in-person format for the October Bar Exam, which provides

27   private hotel rooms for each test-taker, the MCAT is continuing to be administered with multiple
     test-takers in the same room, separated by partitions.  *Id.*

28

1

1  gained from decades of administering the Bar Exam to the largest cohort of any bar in the

2  country, the State Bar has designed a fair and equal system to allow *all* test-takers the

3  opportunity to take the Bar Exam and be admitted to practice law:  Those test-takers who cannot

4  take the test remotely due to the inherent technical and security limitations of the remote format

5  are offered the ability to test in-person in individual private hotel rooms where rigorous safety

6  protocols will be enforced to protect both the test-takers and the State Bar's own staff.  This

7  equal access does not discriminate on the basis of disability.  Even if Plaintiffs' logistical

8  suggestions were not infeasible—which they are—they call for a fundamental alteration of the

9  Bar Exam that the State Bar cannot and is not legally required to do.

10           The State Bar respectfully asks the Court to deny Plaintiffs' motion.

11

12                                              Respectfully submitted,

13  Dated: September 29, 2020                    OFFICE OF GENERAL COUNSEL
                                                 THE STATE BAR OF CALIFORNIA
14

15                                              By:/s/ *JAMES J. CHANG*
                                                    JAMES J. CHANG
16                                                  Assistant General Counsel

17                                                  Attorneys for Defendants
                                                    State Bar of California and Donna Hershkowitz
18

19

20

21

22

23

24

25

26

27

28