VANESSA L. HOLTON (111613)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
JAMES J. CHANG (287008)
Assistant General Counsel
CAROLINE W. HOLMES (299116)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2381
Fax: (415) 538-2321
Email:  james.chang@calbar.ca.gov

Attorneys for Defendants State Bar of California and
Donna Hershkowitz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARA GORDON, ISABEL CALLEJO-BRIGHTON and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>STATE BAR OF CALIFORNIA; DONNA HERSHKOWITZ; and NATIONAL CONFERENCE OF BAR EXAMINERS,<br><br>Defendants. | Case No.   3:20-cv-06442-LB<br><br>**SUPPLEMENTAL DECLARATION OF AMY NUÑEZ IN SUPPORT OF DEFENDANTS STATE BAR OF CALIFORNIA'S AND DONNA HERSHKOWITZ'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (DKT. 44)** |

I, Amy Nuñez, declare as follows:

1. I have personal knowledge of the matters stated herein, except as otherwise stated, and if called as a witness, I could and would competently testify thereto.

1

Supp. Decl. of Amy Nuñez ISO Opp. to Mot. for Prelim. Injunction                                3:20-cv-06442-LB

2. I am the Director of Admissions for the State Bar of California ("State Bar"), Defendant in this matter.

3. In my initial declaration (Dkt. 48), I described the State Bar's efforts to determine the feasibility of modifications to the remote format of the October 5-6, 2020 California Bar Examination ("Bar Exam").

4. Contrary to Plaintiffs' assertions, it is not the case that the State Bar has known since April 2020 that the Bar Exam would be administered remotely. In fact, this year's administration of the Bar Exam has been marked by continuing uncertainty. Although in late April, the California Supreme Court first directed the State Bar to explore the possibility of a remote Bar Exam, for several months the National Conference of Bar Examiners did not confirm whether a remote version of the Multistate Bar Examination would be made available, hampering the State Bar's efforts to make concrete plans for a remote exam. It was not until July 16, 2020, that the State Bar was given clear instructions from the California Supreme Court to proceed with a remote exam, and not until August 10, 2020, that the California Supreme Court entered an order instructing the State Bar to proceed with the remote exam. The California Supreme Court is aware that the State Bar is administering the exam in-person to approximately 443 test-takers and has expressed no objection.

5. Before Plaintiffs on September 21, 2020, suggested Mettl and/or ProctorTrack as potential vendors to develop and implement a remote live proctoring program, the State Bar had already spoken with its existing remote proctoring vendor ExamSoft and remote live proctoring vendor Prometric about the feasibility of remote live proctoring for the upcoming Bar Exam. And, within two days of Plaintiffs' suggestions of Mettl and/or ProctorTrack, the State Bar met with representatives from both vendors.

6. As set forth in detail in my initial declaration, development and implementation of a new remote live proctoring program that will reliably meet the needs of Plaintiffs and other similarly-situated test-takers will not be possible in a few days, and even if it were possible in a matter of days, it would not address Plaintiffs' need for secure, timed delivery of paper exams by courier. The State Bar therefore concluded that the partial solution offered by these remote live

2

Supp. Decl. of Amy Nuñez ISO Opp. to Mot. for Prelim. Injunction                    3:20-cv-06442-LB

1  proctoring vendors—whether provided through Mettl, ProctorTrack, or Prometric—would not
2  completely address how to administer paper exams remotely.  The same is true of the Zoom
3  secondary proctoring proposal Plaintiffs have repeatedly raised—it does not solve for the paper
4  component.

5        7.   The State Bar has therefore also explored the feasibility of a secure, timed courier
6  delivery service, to be coupled with remote live monitoring.  One method suggested by Plaintiffs
7  would be delivery of each test question in a separate and secure "Pelican" briefcase in which the
8  remote test-taker would then be given the password or other access to the appropriate briefcase at
9  timed intervals.  On September 29, 2020, I spoke to a representative named Susie at Pelican, who
10 explained that Pelican cannot sell directly to the State Bar, so the State Bar would need to
11 purchase the Pelican cases through California Pelican-distributor Trans Pak and identify a
12 separate local shipping contractor for delivery.  Shortly thereafter, I spoke to a representative at
13 Trans Pak named Jeanette, who explained that they would need at least two weeks to fulfill an
14 order for 79 or more Pelican cases.  When I asked whether there would be a delay for an order
15 for only three cases, she explained that there would be a delay because they do not currently have
16 any Pelican cases in stock.  Each case costs approximately $300 depending on the model, which
17 does not include the separate shipping costs.

18       8.   Delivery of sealed envelopes and printable file transfers do not offer nearly the same
19 level of reliability or security, especially during the current pandemic, as the still infeasible
20 Pelican case option.  Scale is also a logistical barrier to implementation of all three of these
21 methods.  The State Bar would need to contract and coordinate with couriers across the State to
22 securely and reliably deliver the paper test questions to 79 different locations simultaneously and
23 at precise times, or develop and implement a method of secure electronic delivery of
24 downloadable and printable test questions through the State Bar's own website or some other
25
26
27
28

1 verifiably secure means,[1] and to ensure that all 79 test-takers have a functioning printer that is
2 compatible with ExamSoft's system requirements.
3       9. Regarding the suggested use of Zoom, this proposal raises significant equity issues
4 given its demanding technological requirements. Use of Zoom as a secondary proctoring system
5 would require constant high-speed internet and a smartphone or second laptop. Any technical
6 solutions must be accessible to test-takers from all socioeconomic backgrounds. The State Bar
7 cannot assume that solutions requiring printers, second computers, second monitors, mobile
8 phones, and high-speed internet are accessible. The State Bar's approach to developing and
9 implementing the October Bar Exam has been to require as little equipment as possible for both
10 the remote exam format and the in-person format, to ensure equal and full access to the Bar
11 Exam.
12       10. While I have been informed that other jurisdictions have taken different approaches,
13 the State Bar of California is by far the largest bar in the country and faces unique security and
14 technical limitations created by that scale that other bars do not face. It is simply not feasible to
15 implement securely and reliably the changes suggested by Plaintiff in a manner that would
16 ensure equal and full access for the State Bar of California's over 10,000 test-takers.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on September 29, 2020, at San Francisco, California

_____
AMY NUÑEZ

---

[1] In addition, I am informed and believe that NCBE has not agreed to allow secure file transfer of paper formats of the exam; instead, NCBE has only agreed to allow secure file transfer of the exam in Braille Note and Dragon Speak formats.